UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SYLVESTER L EVANS**                                                   **CIVIL ACTION**

**VERSUS**                                                               **NO. 18-2278**

**TEXAS STATE**                                                          **SECTION "B"(3)**

## ORDER

Considering plaintiff's "Motion to Reopen Case" (Rec. Doc. 13),

**IT IS ORDERED** that the motion is **DENIED**. Plaintiff urges this Court to reopen this action, which was dismissed without prejudice on October 26, 2018(Rec. Doc. 12). The complaint in this matter was filed on March 2, 2018 (Rec. Doc. 1). On September 21, 2018, this Court found that the record did not reflect service upon the defendant in this matter and ordered plaintiff to show cause on October 24, 2018 why the case should not be dismissed for the plaintiff's failure to prosecute (Rec. Doc. 10). As no response was filed, this Court issued a judgment dismissing without prejudice the plaintiff's claims on October 26, 2018 (Rec. Doc. 12). Plaintiff filed the instant motion to reopen the case on February 28, 2020 (Rec. Doc. 13).

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." The burden of establishing a claim for relief under Rule 60(b) is on the movant, and the ultimate

finding on a Rule 60(b) motion is within the discretion of the district court. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). There is no abuse of discretion if a Rule 60(b) motion is denied where there has been gross carelessness, ignorance of the rules, and ignorance of the law. *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 287 (5th Cir. 1985). Rule 60(b)(6) contains a catchall provision that allows a court to grant a Rule 60(b) motion "for any other reason that justifies relief." Relief under this provision, however, is available "only if extraordinary circumstances are present." *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002).

Plaintiff gives no satisfactory justifications for the seven months of inactivity on the case. Plaintiff argues in support of the motion to reopen that he was not informed of the hearing and received no documents by mail because he was homeless. While sympathetic to plaintiff's obstacles, the Court concludes that failure to overcome these obstacles does not justify relief under Rule 60(b). Rather, plaintiff's mistakes are more appropriately categorized as carelessness or ignorance of the rules that do not justify relief. *See Pryor*, 769 F.2d 281. Plaintiff does not cite any cases, nor can the Court locate any, supporting that plaintiff's carelessness or ignorance of the hearing justify Rule 60 relief.

Furthermore, local Rule 11.1 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Additionally, Local Rule 41.3.1 further provides: The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return. Plaintiff was aware of this obligation, yet plaintiff failed to keep the court informed.

New Orleans, Louisiana this 30th day of May, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE